HACKETTSTOWN BANK *vs.* MITCHELL AND WIFE.

M. resided in the state of New York, and his wife, previous to her marriage, and at the time, was a resident of this state, and they were married here. After the marriage, in 1859, they went to Europe, Mrs. M. intending on their return, to remain at her former residence in this state until the fall of 1860. While absent, an attachment was issued against them both to recover a debt contracted by the wife before her marriage. On their return from Europe, she came to her residence here, where her husband also spent a part of his time, but retained his residence, and attended to his business in New York: *held*, that the residence of both was in the state of New York, and process by summons could not be served upon the husband unless a personal service could be made upon him in this state, and that a foreign attachment was the proper remedy.

---

On motion to set aside attachment.

Argued before Justices OGDEN, VREDENBURGH, and WHELPLEY.

*W. L. Dayton,* for the motion.

*Vanatta,* contra.

The opinion of the court was delivered by

WHELPLEY, J. The defendant moved to set aside a foreign attachment, issued against him and wife, as nonresident debtors, upon the ground that his wife, who contracted the debt *dum sola*, was, when the attachment is-

sued, a resident of the county of Monmouth, in this state. Before his marriage, in July, 1859, she resided at Freehold with her brother-in-law, at whose house she was married. She left Freehold to go abroad, and while absent with her husband in Europe, the attachment was served upon her property at Freehold. At the time of the marriage the husband resided at White Plains, in New York, and that was his residence when he went abroad. It was the intention of Mrs. Mitchell when she went abroad, to return to Freehold, and continue her residence there until the fall of 1860, and she now resides in the house and family where she resided at the time of her marriage and before she went to Europe. Her husband visits her on Saturdays coming, for that purpose, from New York, where he does business, to Freehold, and returning the next week.

It was urged, on behalf of the defendants, that Mrs. Mitchell's residence still remained in New Jersey, so as to exempt her from attachment.

As the debt was that of Mrs. Mitchell before marriage, she must be joined in the suit with her husband—neither can be sued alone.

The plaintiff is entitled to begin his suit against both, either by summons or attachment. If a summons can lawfully be served upon Mitchell and wife in this state, the attachment will not lie. The court would give effect to the theoretical merger of the existence of the wife in that of the husband, so as to enable her to be sued by attachment, if process could be served so as to bring the parties in court.

Mitchell has no residence here, and cannot be sued here, unless he happen to be here at the time process is issued. A summons might be served upon Mrs. Mitchell, but as they do not come within the statute as to joint debtors, the plaintiff could not proceed against both.

The doctrine is well settled in this state, that a foreign attachment cannot be issued where a summons can be

served; that the writ is an extraordinary mode of procuring the appearance of the defendant, not to be resorted to when the ordinary process of the law can be used, although the legal domicil of the defendant may be out of the state. *City Bank* v. *Merritt,* 1 *Green* 131; *Brundred* v. *Del Hoyo, Spencer* 333.

That the term resident has this peculiar meaning in the attachment is clear from the course of decision upon the act. The legislature have designed to provide a remedy to cover all cases, so that either the person or the property of the defendant may be reached in the courts.

The residence of Mitchell was in New York, and by his marriage, by operation of law, her residence became merged in that of her husband, at all events for the purposes of this act. *Story on Conflict of Laws,* 146, 136; *Green* v. *Green,* 11 *Pick* 415; *Bish. on Mar. and Div.* 728.

If process be against husband and wife, he alone should be arrested, and he shall not be discharged until he put in bail for both. 1 *Vent.* 49; 1 *W. Black.* 720; 1 *B. & A.* 165.

Service of process upon the wife away from the domicil of the husband cannot, upon any legal principle, be considered as service upon him.

These principles and cases show that the legal residence of the wife follows that of her husband; that service of process upon her will not be service on him, but that service upon him will be sufficient as to her. It follows that, as their can be no legal service on her and her husband in New Jersey of a summons, a writ of attachment is the proper proceeding.

The motion to set aside and quash the writ should be denied.

Cited *in Perrine ads. Evans,* 6 *Vr.* 224.